UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **M.J. No. 10-877-MBB** |
| | ) | |
| v. | ) | |
| | ) | 18 U.S.C. § 1512(a)(1) (A) & (C) |
| TREVOR A. WATSON, | ) | Witness Tampering |
| | ) | |
| | ) | 18 U.S.C. § 1513(a)(1) (B) |
| | ) | Retaliating Against a Witness |
| Defendant. | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO ATTEND A RELATIVE'S FUNERAL

On April 8, 2010, defendant Trevor Watson (hereinafter, "defendant"), who is currently detained on the above-captioned criminal complaint, moved for leave to attend his grandmother's funeral on Monday, April 13, 2010. In the alternative, defendant requested that if not permitted to attend the funeral, he be allowed a private visit at the funeral home. For the below reasons, the government opposes defendant's motion:

1. On April 9, 2010, the undersigned Assistant U.S. Attorney spoke to a Supervisory U.S. Marshal in the District of Massachusetts, who advised that the U.S. Marshals Service was opposed to any request for temporary release by defendant, whether accompanied by law enforcement or not.

2. The allegations against defendant in the criminal complaint are that he stabbed a government cooperator multiple times, knowing that the victim was a cooperator, such that the cooperator required emergency surgery to save the cooperator's life. As a result, at the initial appearance on March 10, 2010, the government moved for detention under, among other grounds, 18 U.S.C. § 3142 (f)(2)(B), based on its position that defendant would attempt to injure or intimidate a prospective witness or juror if he were released. As of this writing, the government remains

seriously concerned about the safety of the community and prospective witnesses if defendant were to be released, even for a brief period.

      3.      Defendant has a significant criminal history, with multiple prior crimes of violence, including a prior stabbing case in which defendant was accused of stabbing the victim multiple times, but was eventually acquitted. Accordingly, at the March 10, 2010 initial appearance, the government moved for detention under 18 U.S.C. § 3142 (f)(1)(D). The government's position remains that in light of defendant's serious and violent criminal history, coupled with the serious and violent allegations in this case, defendant should not be released for any period of time, brief or otherwise.

      For the above reasons, the government respectfully requests that the Court deny defendant's motion for leave to attend a relative's funeral.

                                          Respectfully submitted,

                                          CARMEN M. ORTIZ
                                          United States Attorney

                By:      */s/Zachary R. Hafer*
                           Zachary R. Hafer
                           Assistant U.S. Attorney

Dated: April 9, 2010

## CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 9, 2010.

                                                       */s/Zachary R. Hafer*
                                                       ZACHARY R. HAFER
                                                       Assistant U.S. Attorney

Dated: April 9, 2010